HENRY M. MARSH, PLAINTIFF, v. BENJAMIN SASANOFF ET AL., DEFENDANTS.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *John J. Francis.*

*Contra, William Newcorn.*

PER CURIAM.

This suit was brought by the plaintiff against Benjamin Sasanoff and Charles Southard to recover compensation for injuries received by him through being run down by an automobile belonging to Sasanoff and which was being driven by Southard. The jury returned a verdict in favor of the plaintiff, awarding him $3,500 as damages against the defendants. Each of the latter then applied for and obtained the present rule to show cause.

The defendant Sasanoff conducted a music store on Watchung avenue, in Plainfield. The defendant Southard was his friend. On the day of the accident Southard stopped

at Sasanoff's store on a friendly visit. The lights on the car owned by Sasanoff were not working properly, and Southard offered to take it to a repair shop to have them put in order. This offer was accepted, the arrangement between the two being that, after the lights were fixed, Southard would bring the car back to Sasanoff's store, and this he did. Upon his arrival there, a woman, with two children, came out of a barber shop next door, which was occupied by her husband, and, seeing Southard, asked him to take them to her cousin's house, which was about a mile and a half from the Sasanoff place. Southard agreed to do this, and the woman and children got into the Sasanoff car, and Southard drove them to their destination. He did this without any consultation with Sasanoff and without obtaining his permission, although he had taken the same woman on previous occasions to her home with Sasanoff's consent. After leaving the woman and children at her cousin's, he started back, and on the way ran into and injured the plaintiff. The above-recited facts were proved by a clear preponderance of the evidence, and, in our opinion, they do not disclose any liability on the part of Sasanoff for the happening of the accident, for Southard was not acting as nor was she the agent or servant of Sasanoff, nor was he using the car for the latter's benefit. On the contrary, he was using it for a purpose with which Sasanoff had no concern and without first obtaining the latter's permission for such use. We may add that, even if he had obtained permission to use it for the purpose of taking this woman and the children to their destination, that fact would not have rendered Sasanoff liable, for the mere loaning of one's car to a friend, to be used by him for his own purposes, does not render the owner of the car liable for the careless act of the friend in driving it.

The defendant Southard claims that the verdict of $3,500 is excessive. It is liberal, but we cannot say that it is so manifestly without legal justification as to warrant our setting it aside for this reason.

Our conclusion is that the rule should be made absolute as to the defendant Sasanoff and discharged as to the defendant Southard.